IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS MILLER, | § | |
| | § | |
| Defendant Below, | § | No. 78, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1609003878 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 1, 2019
Decided: November 13, 2019

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     The evidence at trial reflected that on September 5, 2016, Chicka Wilks attended a social gathering at her cousin's house. At the event, she asked the appellant, Curtis Miller, to repay $20 she had previously loaned to him. Wilks and Miller argued, and Miller spat on Wilks and slapped her face with some money. Wilks left the party and reported the incident to Officer Akil of the Wilmington Police Department. She then returned to the party. After her return, an argument arose between Miller and Wilks's cousin concerning the $20 loan, and Miller

punched Wilks in the face. Wilks left the party again to report the second incident to the police. Wilks requested medical care, and Officer Akil called for an ambulance. Officer Akil followed the ambulance to the hospital and met Wilks there to gather information about the second incident.

(2) As Officer Akil was preparing to leave the hospital late that evening after speaking with Wilks, a member of the hospital staff reported to him that another assault victim had arrived. Officer Akil went to investigate, and identified the victim as Kelvin Bush, whom the officer recognized from his patrol area. Bush was heavily intoxicated and had sustained significant injuries to his face, including a broken jaw that had to be wired shut for approximately two weeks. When Officer Akil asked Bush who had inflicted these injuries, Bush stated that he and Curtis Miller had been joking around when it turned physical. Officer Akil then indicated that he would be seeking a warrant for Miller's arrest, and Bush immediately recanted, saying that "Curtis wouldn't have done this to me, that's my boy. He wouldn't do that to me."

(3) Bush appeared at trial under a material witness warrant; he testified that he could not remember anything about the night of September 5, including how he sustained the injuries or speaking to Officer Akil. He stated that he was highly intoxicated that evening and did not recall anything that occurred before he woke up in the hospital the next day. Wilks testified that she saw Bush at the party; Bush testified that he did not see Wilks on September 5.

(4)    Bush's sister testified that Miller, Wilks, and Bush were at the party; that they argued over $20 and spat at each other; that Miller punched Wilks in the face; and that Miller hit Bush repeatedly in the face until he was unconscious. Miller's fiancée, who was also Wilks's cousin, testified that she attended the party and that Bush and his sister were not there. She further testified that Miller and Wilks did not interact at the party, but that Wilks was involved in a big fight that broke out outside the residence, and Miller attempted to break up the fight.

(5)    A Superior Court jury found Miller guilty of Assault in the Second Degree for assaulting Bush and guilty of Assault in the Third Degree for assaulting Wilks. The Superior Court sentenced Miller as follows: for Assault in the Second Degree, as a habitual offender, to thirteen years of imprisonment, suspended after eight years for two years of probation; and for Assault in the Third Degree, to one year of imprisonment, suspended for one year of probation. Miller has appealed to this Court.

(6)    Miller's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Miller's counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Miller of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Miller of his right to submit points he

3

wanted this Court to consider on appeal. Miller has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(7)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(8)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Miller could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).
[2] *Penson*, 488 U.S. at 81.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice